UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYDRA LEILA BEY,

        **Plaintiff,**                **CASE NO. 10-14640**

v.                            **HONORABLE DENISE PAGE HOOD**

VIRGIL C. SMITH; RAYMOND
J. WOJTOWICZ; WAYNE COUNTY
SHERIFF; and JACOB GHANNAM

        **Defendants.**
_____/

## ORDER DENYING PLAINTIFF JAYDRA BEY'S AFFIDAVIT OF VERIFIED EMERGENCY PETITION FOR PRELIMINARY INJUNCTION TO STAY EVICTION

**I.    INTRODUCTION**

    This matter is before the Court on Plaintiff Jaydra Bey's Affidavit of Verified Emergency Petition for Preliminary Injunction to Stay Eviction **[Docket No. 14, file on March 18, 2011]**. Defendants Raymond Wojtowicz, Wayne County Sheriff, and Jacob Ghannam filed a response on April 5, 2011 **[Docket No. 19]**.  Defendant Honorable Virgil Smith filed a response on April 15, 2011 **[Docket No. 21]**. Oral arguments were heard on Tuesday, May 10, 2011.  For the reasons set forth below, Plaintiff's motion is denied.

**II.    STATEMENT OF FACTS**

    Plaintiff alleges that she has been illegally evicted from Tax Parcel 22007133, commonly known as 6151 W. Grand River, Detroit, Michigan.  As this Court noted in an Order Denying Motion for Temporary Restraining Order **[Docket No. 15, filed on March 22, 2011]**, Plaintiff does not expressly identify the property at issue, and submitted a document describing the

property as an "auto garage and yard."  *See* Exhibits A and B to Plaintiff's Aff. of Verified

Emergency Pet. for TRO.  Plaintiff alleges that the tax sale of this property was defective and

illegal, and seeks a preliminary injunction staying eviction from the property.

## III.    APPLICABLE LAW & ANALYSIS

Four factors must be balanced and considered before the Court may issue a preliminary

injunction pursuant to Fed.R.Civ.P. 65(b): (1) the likelihood of the plaintiff's success on the

merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) the harm

to others which will occur if the injunction is granted; and (4) whether the injunction would

serve the public interest.  *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *In re

Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of

Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989).  "None of these factors, standing alone, is a

prerequisite to relief; rather, the court should balance them."  *Golden v. Kelsey-Hayes Co.*, 73

F.3d 648, 653 (6th Cir. 1996).  "Although no one factor is controlling, a finding that there is

simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Medical

Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

In this case, Plaintiff has no likelihood of success on the merits.  Plaintiff's claims against

Defendant Honorable Virgil Smith are likely to fail.  Judge Smith issued the judgment of

foreclosure on the subject property for failure to pay property taxes.  Aside from this, Judge

Smith has no connection with the subject property.  Judge Smith did not order the eviction.  It is

unclear how any injunction staying an eviction would apply to Judge Smith.

This Court has no jurisdiction to enjoin Judge Smith from issuing judgments with respect

to the property.  Pursuant to 28 U.S.C. § 1341, "district courts shall not enjoin, suspend or

restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Judge Smith issued the foreclosure order for failure to pay taxes in his official capacity. As Judge Smith entered a final order with respect to the foreclosure of the property, the standard appeals process was available to Plaintiff. Plaintiff has not availed herself of the state appeal process, and cannot do so in this Court.

With respect to Defendants Raymond Wojtowicz (Wayne County Treasurer), Wayne County Sheriff, and Jacob Ghannam, Plaintiff has failed to demonstrate that Defendants have any continued interest in the property. Plaintiff filed an objection to the foreclosure, demonstrating that she had actual notice of the proceedings, and the redemption period has expired. Plaintiff has not shown that Defendants issued an order of eviction. Defendants represent that they have no legal or proprietary interest in the property at issue at this time. Even if an injunction were proper in this case, Plaintiff's request for injunction seeks to enjoin parties who have no power to act against Plaintiff with respect to the property at this time. Plaintiff's claims against these parties who no longer control the property is not supported. Plaintiff has no likelihood of prevailing on the merits, which is fatal to her request for preliminary injunction.

## IV.  CONCLUSION

For the reasons stated above,

Plaintiff Jaydra Bey's Affidavit of Verified Emergency Petition for Preliminary Injunction to Stay Eviction **[Docket No. 14, file on March 18, 2011]** is DENIED**.**

s/Denise Page Hood_____
Denise Page Hood
United States District Judge

Dated:  May 23, 2011

3

I hereby certify that a copy of the foregoing document was served upon Jaydra Leila Bey, 2949 Canton Street, Detroit, MI 48207 and counsel of record on May 23, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager