UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYDRA LEILA BEY,

        Plaintiff,

v.

VIRGIL C. SMITH, RAYMOND
J. WOJTOWICZ, WAYNE COUNTY
SHERIFF, and JACOB GHANNAM,

        Defendants.

Case No. 10-14640
Honorable Denise Page Hood

_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on the Defendants Raymond J. Wojtowicz, Wayne County Sheriff, and Jacob Ghannam's ("Wayne County Defendants") Motion to Dismiss, or in the Alternative, Motion to Strike Plaintiff's Complaint **[Docket No. 18, filed April 5, 2011]**, Defendant Virgil C. Smith's Motion to Dismiss **[Docket No. 20, filed April 15, 2011]** and Plaintiff Jaydra Bey's Motion for Writ of Mandamus **[Docket No. 35, filed June 24, 2011]**. For the reasons stated in detail below, Defendants' motions to dismiss are granted.

**II.    BACKGROUND**

On November 22, 2010, Plaintiff initiated this present action against Judge Virgil C. Smith, Wayne County Treasurer, Raymond J. Wojtowicz, Wayne County Sheriff, and Jacob Ghannam, alleging the following: False or Misleading Misrepresentation (Count I), violation of Fair Debt Collection Act (Count II), violation of Racketeer Influenced and Corrupt Organizations Act (RICO) (Count III), and violations under 18 U.S.C. §§ 241, 242 (Count IV).

1

Plaintiff alleges that, on March 18, 2010, the Defendants and its "undisclosed associate, conducted a foreclosure sale of privately held proprieties." (Compl. at 1). Prior to the sale, Defendants asked that Plaintiff pay $18,164.06 for the losses from the property. *Id.* Plaintiff requested an investigation into the manner, but Defendants did not respond to this request. *Id.* at 1-2. To her complaint, Plaintiff attached an objection to the foreclosure of several properties to and a set of questions or demands.

On March 30, 2010, two properties owned by Plaintiff were judicially foreclosed upon due to delinquent taxes in Wayne County Circuit Case No. 09-014685 PZ. Both properties were offered for public auction, but only one was sold.

## III.   STANDARD OF REVIEW

### A.   12(b)(1) Motion to Dismiss

In a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff has the burden of proving that jurisdiction is proper. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). To survive a motion to dismiss for lack of subject matter jurisdiction, the plaintiff must show that she alleges a claim under federal law and that the claim is "substantial." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). A claim is substantial unless "prior decisions inescapably render [it] frivolous." *Id.* (quoting *Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 165 (6th Cir. 1984). If the Court finds that it lacks subject matter jurisdiction, it must dismiss the case. Fed.R.Civ.P. 12(h)(3).

### B.   12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the plaintiff's complaint. The court must view the complaint in the light most

favorable to the plaintiff and accept all allegations in the complaint as true. *Eidson v. Tennessee Dep't of Children's Servs*, 510 F.3d 631, 634 (6th Cir. 2007). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires more than a sheer possibility that the defendant's conduct was unlawful *Id.* at 556. Thus, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

**IV.    ANALYSIS**

    **A.  Wayne County Defendants' Motion to Dismiss**

The Wayne County Defendants argue that this Court does not have subject matter jurisdiction over the present action pursuant to the 28 U.S.C. § 1341, or the Tax Injunction Act. The Court agrees.

The Tax Injunction Act does not allow a district court to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act prevents "federal-court interference with the assessment and collection of state taxes" when there is a "plain, speedy, and efficient remedy" in state court. *California v. Grace Brethren Church,* 457 U.S. 393, 411 (1982).The "plain, speedy, and efficient remedy" exception of the Act requires the state court to "meet certain minimal *procedural* criteria" *Rosewell v. La Salle Nat'l Bank*, 450 U.S. 503, 512 (1981). "The state need only provide a full hearing at which a taxpayer may present and secure a judicial determination at which he or she may raise any and all constitutional objections

3

to the tax." *Hedgepeth v. Tennessee*, 215 F.3d 608, 615 (6th Cir. 2000). This does not require that the remedy is the best of possible remedies or that the taxpayer's likelihood of success is considered when determining if the exception applies. *Colonial Pipeline Co. v. Morgan*, 474 F.3d 211, 218 (6th Cir. 2007). Nor does the remedy have to be the speediest. *Id.*

The Supreme Court has interpreted the Act to apply to cases where "state taxpayers seek federal-court orders enabling them to *avoid paying state taxes*." *BellSouth Telecommunications., Inc. v. Farris*, 542 F.3d 499, 501 (6th Cir. 2008) (quoting *Hibbs v. Winn*, 542 U.S. 88, 107 (2004)). The Act precludes actions seeking injunctive or declaratory relief. *Brown Bark I, L.P. v. Traverse City Light & Power Dep't*, 736 F.Supp.2d 1099, 1108 (W.D. Mich. 2010) ("Although the TIA expressly prohibits only federal injunctive relief, the Supreme Court has held that the comity considerations animating the Act "'save in exceptional cases, require a like restraint in the use of the declaratory judgment procedure.'") (quoting *Howard v. City of Detroit*, 73 F. App'x 90, 94 n.1 (6th Cir. 2003)).  It also prohibits federal court jurisdiction "over actions for damages related to state taxation." *Id.* (quoting *Thikol Corp. v. Dep't of Treasury*, 987 F.2d 376, 378 (6th Cir. 1993)).

Here, Plaintiff seeks damages or equitable relief from the sale of "privately held properties." The properties were the subject of foreclosure due to delinquent taxes. In essence, Plaintiff seeks to attack the state's collection of delinquent taxes. Any relief on Plaintiff's behalf would result in this Court enabling Plaintiff to avoid paying state taxes, which is precluded by the Tax Injunction Act. The foreclosure on property for delinquent taxes is appropriate. *See* Mich. Comp. Laws § 211.78g. Plaintiff has not alleged nor proven that the remedies available under Michigan law were inadequate. The Court finds that it does not have subject matter jurisdiction and must dismiss this action.

### B. Virgil C. Smith's Motion to Dismiss

In addition to the Court's finding that the Court lacks subject matter jurisdiction over the case, the Court also finds that Defendant Virgil C. Smith is entitled to absolute judicial immunity.

Judges generally enjoy immunity from a suit for damages when acting within their judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id.* However, a judge will not be immune from suit in two circumstances: (1) acts outside judicial capacity, i.e. nonjudicial acts, and (2) acts "taken in the complete absence of all jurisdiction." *Id.* at 12. In determining whether an act is judicial in nature, the Court will look to whether the act is a normal function of a judge and whether the parties dealt with the judge in his capacity as a judge. *Stump v. Sparkman*, 435 U.S. 349, 363 (1978). "A judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." *Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997).

Judge Smith was acting within his authority as a judge presiding over Plaintiff's action. Plaintiff's grievances are directly derivative of Judge Smith's judicial actions regarding Plaintiff's matter and not Judge Smith's acts as an individual. Nothing here suggests that Judge Smith acted outside of his judicial capacity or in the complete absence of jurisdiction. Judge Smith is also dismissed from this action.

### V.     CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that the Wayne County Defendants' Motion to Dismiss, or in the Alternative, Motion to Strike Plaintiff's Complaint **[Docket No. 18, filed April 5, 2011]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Virgil C. Smith's Motion to Dismiss **[Docket No. 20, filed April 15, 2011]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Writ of Mandamus **[Docket No. 35, filed June 24, 2011]** is **MOOT**.

**IT IS FURTHER ORDERED** that is case is **DISMISSED**.

Dated:  December 30, 2011        s/Denise Page Hood
                                 DENISE PAGE HOOD
                                 UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to **Jaydra Leila Bey** 1131 West Warren Ave #159, Detroit, MI 48201 and the attorneys of record on this date, Friday, December 30, 2011, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                 Case Manager